Kumar v. Garland

BIA
Segal, IJ
A205 935 442

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of November, two thousand twenty-two.

PRESENT:
> DEBRA ANN LIVINGSTON,
>> *Chief Judge,*
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
>> *Circuit Judges.*

_____

VIJAY KUMAR,
> *Petitioner,*

v.                                          20-1763
                                            NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                 Jaspreet Singh, Esq., Jackson
                                Heights, NY.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Melissa Neiman-Kelting, Assistant Director; Jeffrey M. Hartman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Vijay Kumar, a native and citizen of India, seeks review of a May 14, 2020, decision of the BIA affirming an April 26, 2018, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Vijay Kumar,* No. A205 935 442 (B.I.A. May 14, 2020), *aff'g* No. A205 935 442 (Immig. Ct. N.Y. City Apr. 26, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

In these circumstances, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review adverse credibility determinations for substantial evidence. *See Hong Fei Gao*

*v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Substantial evidence supports the agency's determination that Kumar was not credible as to his claim that he was assaulted on two occasions by members of an opposing political party.

The agency reasonably relied on inconsistencies within Kumar's statements and between his statements and those of his corroborating witnesses. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The sole basis of Kumar's asylum claim

was two assaults by members of an opposing political party. His application, his own affidavit, and his witnesses' letters and affidavits all stated that he reported both assaults to the police. In contrast, he testified that he did not report the second attack to the police because they warned him against doing so when he reported the first attack.

Kumar argues that the agency overstated the significance of this inconsistency. On the contrary, it constitutes substantial evidence for the adverse credibility determination because it is a material inconsistency about the basis of his claim. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that "a material inconsistency in an aspect of [an applicant]'s story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding" (quotation marks omitted)).

Furthermore, when confronted with the inconsistency, Kumar simply reiterated that he only reported the first attack, and he had no explanation for why the witness statements said otherwise, other than to say his family sent

4

him the statements. The agency was not compelled to credit these explanations, particularly as they did not resolve the inconsistency between Kumar's own statements. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

The inconsistency, which calls both Kumar's statements and his documentary evidence into question, provides substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xian Tuan Ye*, 446 F.3d at 295. This adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims arose from the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). We do not reach the agency's

5

alternative findings.  *See* *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule, courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
